Buch *v.* Miller, Executor, Appellant.

238

Argued April 26, 1928.

Before PORTER, P. J.,
HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and
CUNNINGHAM, JJ.

*Emerson G. Hess,* and with him *Miller & Nespit,*
for appellant.—A bulk sale of property of a going
business is invalid as against a creditor where there
is no change of possession and no notice given such
creditor as provided by the Sales Act of May 23, 1919,
P. L. 262: Root v. Republic Acceptance Corporation,
279 Pa. 55; C. Trevor Dunham, Inc. v. Van Orsdale,
82 Pa. Superior Ct. 72; Barnett v. Cain, 88 Pa. Su-
perior Ct. 106; Bowersox v. Weigle & Myers, 77 Pa.
Superior Ct. 367; White v. Gunn, 205 Pa. 229.

*Robert B. Ivory,* for appellee.—A bonafide pur-
chaser in bulk who has complied with the Bulk Sales

Act has a good title against a creditor of his vendor who knew of the sale, whether or not there was a visible change in possession of the property: Gibbon v. Aronson, 80 Pa. Superior Ct. 39.

OPINION BY HENDERSON, J., July 12, 1928:

The question presented for our consideration arises out of a sheriff's interpleader proceeding involving title to certain articles of furniture and fixtures formerly owned by Thomas K. Ray Company, a corporation doing business in the City of Pittsburgh. That company, having become heavily involved, entered into an agreement with August L. Buch, by which the latter purchased the personal property of the corporation for the sum of $21,500, as a bulk sale; the proceeds of sale to be applied in liquidation of the liabilities of the corporation. A verified statement of the creditors of the corporation was delivered to the purchaser and notices were sent out by him to each of the creditors appearing on said statement, in compliance with the provisions of Section 2 of the Bulk Sales Act of May 23, 1919, P. L. 262. It is not controverted that the plaintiff was a bona fide purchaser of the property and that he paid therefor the price agreed on in conformity to the requirements of the statute. It is contended, however, that the omission to include the appellant as a creditor renders the sale void as to him, or, if that be not the case, that execution may still be enforced against the property on which the levy was made because it was not visibly transferred from the corporation to the plaintiff. The court below held that compliance by the plaintiff with the direction of the statute and the payment of the purchase price vested a good title in him, especially as it appeared from the evidence as found by the jury that the defendant had personal notice by the plaintiff's attorney of the proposed sale more than ten days before its consummation and that more than ninety days had

elapsed between the sale and the time of the service of the execution. The evidence sustains this conclusion and justifies the reversal of the judgment of the county court. The case might be rested, however, on the further fact that the purchaser took actual possession of the property and put it in the hands of three agents for sale to carry out the liquidation arrangement. It is not alleged that the price paid for the property was not a fair one, nor is it denied that the plaintiff took possession of it. What is alleged is that these articles of personal property were in the apparent possession of the corporation, but all the merchandise had been sold; the lease of the corporation had terminated; its business had been discontinued; at the time of the levy, the property levied on was locked up in a room in the possession of the plaintiff's agent. True it is that it remained in the same building in which the corporation had done business and that the name of the company still remained on a window of the building, but the defendant had notice of the sale and of the liquidation of the company and the cessation of its business. On the undisputed facts, therefore, there is no foundation for the assertion that the property sold by bona fide sale is still liable to a creditor of the vendor on the theory of retained possession amounting to a fraud in law.

The case was well disposed of by the Court of Common Pleas and the judgment is affirmed.